IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-00761-WDM-BNB

DEAN COLBY,

    Plaintiff,

v.

PROGRESSIVE CASUALTY INSURANCE COMPANY, an Ohio Corporation,

    Defendant.

## ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

Miller, J.

This matter is before me on the parties' cross-motions for summary judgment. I have considered the parties' written arguments and the evidence tendered with their motions and conclude that oral argument is not required. For the reasons that follow, I will grant the first motion filed by defendant Progressive Casualty Insurance Company (Progressive) and dismiss the case as barred by the relevant statutes of limitations.

### Background

Plaintiff Dean Colby (Colby) is a quadriplegic as the result of an automobile accident on March 27, 1993, when he was a passenger in a vehicle owned and driven by Thomas Sumners, Jr. (Sumners). Sumners was the insured under an automobile insurance policy issued by Progressive. By operation of law, Colby, as a passenger in Sumners's vehicle with Sumners's consent, became eligible for Personal Injury Protection (PIP) coverage under Progressive's policy. C.R.S. § 10-4-707(1)(c).

Following the accident, Colby, through his then-guardian R.W. Colby, made a claim with Progressive for PIP benefits, and Progressive paid up to the policy limits for PIP benefits, for a total payment of $129,900, which included $50,000 in rehabilitation benefits. When no further funds were forthcoming from Progressive, R.W. Colby filed suit in Colorado state court seeking a declaratory judgment that Progressive was obligated to pay no-fault rehabilitation benefits in excess of $50,000. Although Mr. Colby was successful at the trial court level, the Colorado Court of Appeals reversed the summary judgment entered in his favor, and the Colorado Supreme Court affirmed, ruling that Progressive was not obligated to pay further rehabilitation benefits. *Colby v. Progressive Cas. Ins. Co.*, 928 P.2d 1298 (Colo. 1996).

The matter then rested, apparently, until this lawsuit was filed in April 2004, when Colby raised for the first time that Progressive had failed to inform Sumners, its insured, of his right to purchase enhanced PIP coverage under § 10-4-710. Colby asserts the following claims for relief: (1) declaratory relief and reformation of the insurance policy based on alleged violations of sections 10-4-706, -710; (2) breach of insurance contract; (3) statutory bad faith; and (4) breach of the implied covenant of good faith and fair dealing.

## Standard of Review

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Id.*

When parties file cross motions for summary judgment, the court is entitled to assume that it need not consider any evidence other than that filed by the parties. *James Barlow Family Ltd. Partnership v. Munson*, 124 F.3d 1321, 1323 (10th Cir. 1997). If that evidence reveals disputes as to material facts, summary judgment is inappropriate. *Id.*

### Discussion

Because I agree with Progressive that Colby's claims are barred by the applicable statutes of limitations, I do not reach the parties remaining arguments.

Colby's claims are governed by a three-year statute of limitations under Colorado law. C.R.S. § 13-80-101(1)(j) (all actions, regardless of legal theory, arising under the Colorado Auto Accident Reparations Act, C.R.S. § 10-4-701, *et seq.*); *Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1121 (10th Cir. 2005).[1] Although the wording of the particular statutes varies slightly from claim to claim, state law generally provides

---

[1] No significant change occurs from addressing the legal theories of his claims separately. Colby's breach of contract claim is governed by the three-year statute of limitations of § 13-80-101(1)(a). His tort claims, including the claim for bad faith breach of the insurance contract, are governed by a two-year limitations period. C.R.S. § 13-80-102(1)(a).

that the accrual date of Colby's claims is when he knew or should have known that Progressive had not offered him extended PIP benefits. *See* C.R.S. § 13-80-108(1), (6), (8).

"[T]he issue of when a plaintiff knew or with reasonable diligence should have known of a cause of action is a question of fact for the jury." *Maughan v. SE Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir. 1985). Summary judgment on this issue, therefore, should not be granted "unless the evidence is so clear that there is no genuine factual issue." *Id.* (citation omitted). I conclude that this case falls within the exception to the general rule.

First, Colby was aware of his damage–that he was no longer receiving payments from Progressive–as of the date of the last payment made. *Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1121 (10th Cir. 2005) (plaintiff should have known at least by last date of payment under basic PIP policy that insurer had not offered him extended benefits). Although this date is not clear on the record before me, it had occurred at least by June 1995, when the Colorado Court of Appeals noted in its opinion that Progressive had "paid the policy limits for all of the statutorily mandated personal injury protection coverages including $50,000 for rehabilitation benefits." *Colby v. Progressive Cas. Ins. Co.*, 908 P.2d 1170, 1171 (Colo. App. 1995).

Second, Colby had to be aware of the issue of enhanced PIP coverage when the Colorado Supreme Court issued its decision in December 1996. In addressing the claims raised in an appeal consolidated with Colby's, the court expressly identified the issue of enhanced PIP coverage, although it declined to address the merits of the claim for

procedural reasons. *Colby*, 928 P.2d at 1300-1301. Therefore, at the latest, Colby's claim accrued on December 16, 1996, more than seven years before he filed his complaint in this action.

In his response to Progressive's motion for summary judgment, Colby focuses on factual questions regarding when he actually became aware of the fact that he had a claim against Progressive based on failure to offer enhanced PIP coverage. He does not address the issue of when he *should have been aware* of his claim, other than to argue that even Progressive asserts it was not aware of its duty as a result of the Colorado Supreme Court decision. The issue before me is not, however, what Progressive knew or when, but rather when Colby was aware of his damage and its cause. Based on the undisputed record before me, in the form of the appellate decisions by the Colorado courts, I conclude Colby was aware of his damage when he received the last payment from Progressive (at least by June 1995) and that he was aware of Progressive's failure to offer enhanced PIP coverage at least by December 16, 1996.[2]

Colby's remaining argument is that Progressive's duty to offer enhanced PIP coverage is a continuing duty and therefore the breach of the duty is ongoing for limitations purposes. He relies on *Allstate Ins. Co. v. Parfrey*, 830 P.2d 905, 912 (Colo. 1992)

---

[2] Interestingly, in response to Progressive's second motion for summary judgment (in which Progressive argues that the repeal of the No Fault Act bars Colby's claims), Colby alleges that Progressive violated the No Fault Act in January 1993 (perhaps this should read 1991) when it failed to offer enhanced PIP coverage; that Progressive violated the Act in March 1993 when it failed to inform him that the policy included enhanced PIP coverage as a matter of law; that Progressive breached its contract when it ceased to pay his medical expenses and wage losses upon exhaustion of basis PIP limits; and that Progressive's liability arose in 1993. Response to Defendant's Second Motion for Summary Judgment, at 4.

(addressing duty to disclose details of uninsured motorist/underinsured motorist coverage). *Parfrey*, however, does not hold that an insurance company has an ongoing duty to offer enhanced coverage to a one-time beneficiary based on an identifiable claim, as is the case here. Progressive's duties to Colby, as opposed to its duties to Sumners, its insured, relate only to the March 1993 accident.

Because I conclude that Colby's claims are time-barred, I will deny his recent request to stay this action or to dismiss it without prejudice pending the outcome of state court litigation in which he may or may not be a member of a plaintiff class.

Accordingly, it is ordered:

1. Defendant's motion for summary judgment, filed August 17, 2004, is granted.

2. All other pending motions are denied as moot.

DATED at Denver, Colorado, on June 30, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge